IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALDO EFRAIN MARTINEZ ARMENDARIZ, )
                                 )
                    Petitioner,  )
                                 )
v.                               )    Case No. 23-3078-JWL
                                 )
UNITED STATES OF AMERICA,        )
                                 )
                    Respondent.  )
                                 )
_____)

## **ORDER TO SHOW CAUSE**

Petitioner, an alien who is being detained pending removal, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that the federal Government disclosed confidential information concerning his application for asylum in violation of 8 C.F.R. § 208.6. Petitioner previously filed a Section 2241 petition in which he claimed that he had been improperly detained beyond the 90-day statutory removal deadline imposed by 8 U.S.C. § 1231(a)(1)(A). *See Armendariz v. United States*, Case No. 23-3035 (D. Kan.). On March 7, 2023, the Court denied that petition, concluding that petitioner had not been detained in excess of the 90-day period (because that period did not begin at least until his removal proceedings could become administratively final on February 28, 2023); that petitioner had not alleged facts showing that his detention during the removal period had been unreasonable; and that the Court lacked jurisdiction to consider any other claim concerning an aspect of his removal proceedings. On March 20, 2023, petitioner filed his second petition, in which he alleges the disclosure violation as his only ground for relief.

As a result of that violation, he requests that the Court release him from his pre-removal detention and effect the approval of his asylum application.

In support of his original petition, petitioner submitted a copy of the Government's motion to the Board of Immigration Appeals in which the Government requested that petitioner's ongoing removal proceedings be dismissed so that new removal proceedings could be initiated, because of the inadvertent disclosure of information concerning petitioner's application for protection in violation of 8 C.F.R. § 208.6. Thus, on the face of petitioner's submissions, in appears that a violation did occur. The regulation does not include a remedy for a disclosure violation, however, and petitioner has not cited any authority that would allow this Court to release petitioner from his detention because of such a violation. Petitioner also seeks approval of his asylum application, and courts have noted that a disclosure in violation of Section 208.6 may affect the merits of removal proceedings, including a claim of asylum. *See, e.g.*, *Owino v. Holder*, 771 F.3d 527, 535 (9th Cir. 2014); *Averianova v. Mukasey*, 509 F.3d 890, 898-99 (8th Cir. 2007); *Lin v. United States Dept. of Justice*, 459 F.3d 255, 267-68 (2nd Cir. 2006). As noted in petitioner's previous case, however, this Court lacks jurisdiction to review final orders of removal. *See Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (alien must file a petition for review in the court of appeals to challenge a removal order) (citing 8 U.S.C. § 1252(a)(5)). Moreover, the petition reveals that petitioner's removal proceedings are not yet final and thus not yet ripe for court review.

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner is hereby required to show cause in writing on or before **April 26, 2023**, why his petition should not be denied for the reasons set forth herein.

IT IS SO ORDERED.

Dated this 27th day of March, 2023, in Kansas City, Kansas.

<u>/s/  John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge
